His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
The defendant operates a street railway running along Franklin Street under a franchise which provides:
“If at any time during the term of the franchise the streets traversed by these lines * * * should be paved the purchaser of the franchise, his heirs, or assigns, shall assume the city’s portion of such paving.”
The city ordered Erato Street and. intersections to be paved from 'Carondelet Street to Magnolia Street, and Franklin Street intersects, or crosses, Erato Street between these points.
This is an effort to hold the defendant for the cost of paving the intersection of Erato; and Franklin Streets, being part of the city’s proportion of the cost of the paving ordered as aforesaid, as though the paving or said intersection were a partial paving of Franklin Street. ’ ;
The question then arises whether the paving of the intersection of Erato and Franklin Streets as an incident to the paving of Erato Street constitutes such a paving of Franklin Street as will render the defendant railway company liable for the city’s proportion under the clause above quoted.
We do not think so. Defendant did not obligate itself to pay for any pavement that might be laid on'Franklin *12 Street for which the city might be liable, but simply to pay the city’s proportion of paving if Franklin. Street be paved.
Opinion and decree, November 22nd, 1915
Rehearing refused, December 6th, 1915.
‘ ‘ The words of a contract are to be understood, like those of a law, in the common and usual signification without attending so much to grammatical rules, as to general and popular use.”
C. C., 1946.
Now the ‘paving’ of a street conveys to the mind of the ordinary person the laying of a pavement intended for vehicles using that street in the direction in which the street runs. Thus, if pavement be laid along a street ■even for a single block only, we might properly say the street is “paved” from such .a point to such a point. But let any number of parallel streets be paved, yet, if no paving be laid upon the cross streets between the intersections thus paved it would be manifestly incorrect to speak of such cross streets as streets that had been paved.
We therefore think that no obligation on the part of defendant was intended and none can arise except where paving is laid along not simply across Franklin Street as a mere incident to the paving of some other street.
Judgment affirmed.